In re PHOTOCRAFT CUSTOM LABS, INC., Debtor.

UNITED STATES of America, Movant,

v.

PHOTOCRAFT, INC., Respondent.

Bankruptcy No. 93–1–5713–DK.
Adv. No. 94–1–A–561–DK.

United States Bankruptcy Court, D. Maryland.

April 18, 1995.

Larry Adams, Asst. U.S. Atty., Greenbelt, MD, for movant.

David Borinsky, Towson, MD, for debtor/respondent.

### MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

Upon consideration of Cross Motions for Summary Judgment, the parties agree that there is no general issue of material fact in dispute. Therefore, summary judgment is appropriate. *Miller v. Federal Deposit Insurance Corp.*, 906 F.2d 972, 973 (4th Cir. 1990). The undisputed facts are as follows:

Debtor and Department of Navy entered into contract under which debtor supplied photographic and graphic arts production services to the Navy. Under the contract, the Navy mistakenly made a duplicate payment of $36,833.53. After discovery of the

second payment, the debtor and Navy entered into an installment repayment agreement. After one payment was received by the Navy, the debtor filed its Chapter 11 petition. The total amount now due the Navy is $37,077.62.

The Navy argues that the debtor holds the payment for its benefit under a constructive trust theory. The debtor does not address this issue and, instead, focuses its attention on the effect of the execution of the repayment agreement. Debtor argues that the agreement constituted "an accord and satisfaction" which transformed the constructive trust relationship into a debtor-creditor one, thereby rendering the Navy a general unsecured creditor.

The Court of Appeals of Maryland has succinctly stated the law of constructive trusts as follows:

> "A constructive trust is a remedy employed by a court of equity to convert the holder of the legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property. The remedy is applied by operation of law where property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding title to retain it."

*Wimmer v. Wimmer*, 287 Md. 663, 414 A.2d 1254, 1258 (1980) (citations omitted). Other courts have held: "When the money was paid under a plain mistake of fact equity impressed upon it a constructive trust which followed it through the bank and into the hands of the trustees." *Matter of Country Club Casuals, Inc.*, 1 B.R. 274, 276 (Bankr. S.D.Fla.1979) (quoting *In re Berry*, 147 F. 208 (2d Cir.1906)).

However, the Navy has failed to show this court that the property exists in the hands of the debtor, upon which the Navy seeks imposition of the trust. As proffered by the debtor, the duplicate payment was deposited into debtor's general operating account.

"The beneficiary of a constructive trust does not have an interest superior to the trustee's interest in every asset the trustee holds, but only in the assets held in constructive trust or traceable to such assets." *County of Oakland v. Vista Disposal, Inc.*, 826 F.Supp. 218, 224 fn. 5 (E.D.Mich.1993) (citing *U.S. v. Schwimmer*, 968 F.2d 1570, 1583, citing *United States v. Benitez*, 779 F.2d 135, 140 (2d Cir.1985)) (It is hornbook law that before a constructive trust may be imposed, a claimant to a wrongdoer's property must trace his own property into a product in the hands of the wrongdoer). While the Navy claims to be a beneficiary of the debtor as constructive trustee, it avers no subject or res of the trust. The duplicate payment was deposited into debtor's general operating account and subsequently spent. While the Navy has traced its funds into the debtor's account when the payment was initially received, the entire general operating account is not the asset over which the trust could be imposed.

The Maryland Court of Appeals has summarized the standards which will suffice for identification when a party attempts to trace money into property held by a trustee as follows:

> "It is not essential to a sufficient identification that the fund or property delivered to the trustee be traced in the precise or identical form in which it was received, but it is sufficient if it can be traced into some product or substitute for the original fund ... [W]here trust funds, which have been mingled with other funds by the trustee, remain in the insolvent estate and go to swell it, the identification is sufficient ... But where it appears that the trust fund has been dissipated or so mingled and merged with the general assets of the insolvent estate as not to be separable or distinguishable therefrom, there is no identification, and the *cestui que trust* has no claim other than as a general creditor ..."

*Brown v. Coleman*, 318 Md. 56, 566 A.2d 1091, 1099 (1989) (quoting *County Commissioners of Frederick County v. Page*, 163 Md. 619, 638–39, 164 A. 182, 190–91 (1933)).

The Navy has averred no facts to prove that the account is swelled by the duplicative payment or consists solely of the duplicate payment, non-commingled with any other deposits. Indeed, such facts appear unlikely.

The Navy cites favorably *Matter of Country Club Casuals, Inc., supra,* in support of its position. That court did impose a constructive trust upon funds mistakenly paid to the debtor. The facts of that case, however, are distinguishable in that the court found that, "the funds are *readily traceable* and *remain in plaintiff's custody* subject to the decision in this case." *Id.* at 275 (emphasis added). The existence of a "res" is crucial to the existence of a trust interest, any trust imposed can only extend to identifiable property. The Navy has failed to identify any such property.

Because the Navy has failed to satisfy a condition precedent for the imposition of a constructive trust, the court need not decide whether the Navy has shown circumstances that warrant imposition of a constructive trust. However, the uncontested facts illustrate that an error was committed by the Navy that resulted in the duplicate payment to the debtor. Clearly, such erroneous duplicative payment created a liability by the debtor in favor of the Navy for unjust enrichment. If the property delivered in error and/or traceable proceeds remained in the hands of the debtor and was identifiable, such circumstances also would justify the imposition of a constructive trust.

It may be that the subsequent installment agreement by and between the debtor and the Navy could be found to have terminated such right of constructive trust. This court would not agree that an accord and satisfaction occurred which would destroy such right. The pre-accord rights of the parties would not change until full satisfaction of the accord. The full payment under the installment agreement was not made. However, the Navy's agreement to allow the debtor the use of the duplicative payment by permitting the debtor to repay the unjust enrichment over a period of time without requirement of escrow or segregation of the proceeds of the duplicative payment, may have effectuated a waiver of any constructive trust right. It also could be found that such an installment agreement created a novation of the rights of unjust enrichment into the contractual right of repayment under the installment agreement, for which no security was taken.

The debtor's Chapter 11 Plan of Reorganization has been confirmed by an Order dated January 20, 1995. The Navy's claim is now entitled to treatment only pursuant to debtor's Plan of Reorganization. 11 U.S.C. § 1141.